OPINION
GARTH, Circuit Judge:
Appellant Joseph M. Strohl (“Strohl”) appeals from the order of the United States District Court for the Eastern District of Pennsylvania denying his 28 U.S.C. § 2254 petition for writ of habeas corpus. We will affirm.
I.
On December 26, 1986, Strohl and a confederate entered and burglarized the home of Ella Wunderly. Mrs. Wunderly, who was home at the time of the burglary, was assaulted, leaving her severely debilitated and possibly unconscious. Strohl returned to Mrs. Wunderly’s home the following day, on December 27, 1986, and again burglarized her home, joined this time by a different confederate than the day before. At the time that Strohl entered Mrs. Wunderly’s home for the second time, Mrs. Wunderly was still alive. The attack on Mrs. Wunderly left her in a coma from which she never awoke. She died more than seven years later, in April 1994.
After an investigation by the police department, Strohl was arrested and charged with the second burglary. He pled guilty and was sentenced in 1987. Before Strohl’s sentencing, the District Attorney’s office sent a letter to the judge advising the court Strohl had not been charged with having assaulted Mrs. Wunderly because the District Attorney’s office lacked any significant evidence implicating Strohl in the assault. The letter also noted that at the time of Strohl’s guilty plea it had been specifically stated that his plea was to the second burglary only. This was done to ensure that double jeopardy would not attach if sufficient evidence was gathered in the future to charge Strohl with the earlier assault and burglary, and — in the event of Mrs. Wunderly’s death — murder.
Mrs. Wunderly spent the duration of her life being cared for in hospitals and nursing homes. During the last few years of her life, Mrs. Wunderly sustained several unexplained injuries, including broken bones and a partially torn ear. She received treatment for these injuries at Le-high Valley Hospital Center. The prosecution did not elect to obtain the hospital reports associated with these incidents. Strohl alleges that, despite his best efforts, he was unable to obtain the reports for use *652 during his defense. According to Strohl, these reports no longer exist.
In 1997, the District Attorney of Northampton County, Pennsylvania initiated an effort to investigate unsolved homicides in its jurisdiction. After reviewing the open cases, the District Attorney presented an application requesting that a grand jury be empaneled to review several such cases, one of which was the death of Mrs. Wun-derly. A grand jury was duly seated in March 1999, and, based upon new information obtained from witnesses who had been previously uncooperative, the grand jury issued a presentment recommending that Strohl be charged with criminal homicide of Mrs. Wunderly.
In March 2001, Strohl was tried on these charges and found guilty of second degree murder. He was later sentenced to life in prison. Strohl appealed, and the Pennsylvania Superior Court affirmed Strohl’s judgment and sentence on September 11, 2002. The Pennsylvania Supreme Court then denied allowance of an appeal on February 13, 2003. Strohl subsequently filed a pro se petition under the Post Conviction Relief Act (“PCRA”), 42 Pa. Cons. Stat. Ann. §§ 9541-46, which the trial court dismissed on June 15, 2004. The Pennsylvania Superior Court affirmed the denial of PCRA relief on May 13, 2005. The Pennsylvania Supreme Court again denied allowance of appeal on October 26, 2005.
II.
Strohl then filed his current 28 U.S.C § 2254 petition with the District Court, asserting eight grounds for relief. A United States Magistrate Judge issued a Report and Recommendation recommending that Strohl’s habeas claims be denied without an evidentiary hearing. Report and Recommendation, Strohl v. Grace, No. 06-cv-2708 (E.D.Pa. Mar. 27, 2007) (“Report and Recommendation”). The District Court approved and adopted the Report and Recommendation, and denied Strohl’s petition in its entirety without an eviden-tiary hearing. Order, Strohl v. Grace, NO. 06-cv-2708, 2007 WL 1200132 (E.D.Pa. Apr. 20, 2007).
Strohl filed a timely notice of appeal, and this Court granted a certificate of appealability with respect to the following issues: (1) whether the prosecution suppressed exculpatory evidence, i.e., certain of the victim’s hospital reports (“the hospital reports”), in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (2) whether Strohl was denied due process because of the delay in his criminal prosecution, including the failure to explore the cause of the death of the victim.
III.
The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. This Court has appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the District Court ruled on Strohl’s habeas petition without conducting an evidentiary hearing, this Court conducts a plenary review. McMullen v. Tennis, 562 F.3d 231, 236 (3d Cir.2009).
In order to obtain habeas relief from his state court conviction and sentence, Strohl must satisfy the standards set forth by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). McMullen, 562 F.3d at 236. AEDPA provides that, where, as here,
a habeas petitioner’s claim was adjudicated on the merits in state court, the petition may not be granted unless the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in *653 light of the evidence presented in the State court proceeding. Under the § 2254 standard, a district court is bound to presume that the state court’s factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.
Simmons v. Beard, 581 F.3d 158, 165 (3d Cir.2009) (quoting 28 U.S.C. §§ 2254(d) & (e)(1)) (internal citations and quotation marks omitted).
A state court decision “fails the ‘contrary to’ prong of AEDPA if the state court reaches a conclusion opposite to the Supreme Court’s own conclusion on a question of law or decides the case differently where the Supreme Court was confronted by a set of materially indistinguishable facts.” McMullen, 562 F.3d at 236. “Similarly, a state court ruling is considered an ‘unreasonable application’ if the state court unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply.” Id. “A state court determination may constitute an unreasonable application even if the Supreme Court has not yet addressed the identical legal issue or fact pattern. Nevertheless, the unreasonable application test is an objective one — a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly.” Id. (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir.2005)) (quotation marks and alterations omitted).
IV.
Strohl alleges that the prosecution suppressed the victim’s hospital reports in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Pennsylvania Superior Court (“the state court”) rejected Strohl’s argument on the ground that Strohl failed to claim “that the Commonwealth had the Lehigh Valley Hospital Center reports in its possession at the time of the trial and knowingly withheld them.” Commonwealth v. Strohl, No.1954 EDA 2004, 880 A.2d 12 (Pa.Super.Ct. May 13, 2005) (“PCRA Appeal Opinion”) at 5.[1]
Since the state court adjudicated Strohl’s Brady claim on the merits, we apply the analysis set forth by AEDPA. Simmons, 581 F.3d at 164-65. We begin by determining whether the law applied by the state court is contrary to the law as determined by the United States Supreme Court. “In Brady v. Maryland, the Supreme Court held that due process forbids a prosecutor from suppressing evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” United States v. Pelullo, 399 F.3d 197, 209 (3d Cir.2005) (quoting Brady, 373 U.S. at 87, 83 S.Ct. 1194) (quotation marks omitted). “To establish a due process violation under Brady, then, a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment.” Id. (quoting United States v. Dixon, 132 F.3d 192, 199 (5th Cir.1997) (quotation marks omitted)).
*654 We have held that “possession” in the Brady context extends to material not within the prosecutor’s actual knowledge or possession, provided that the evidence is either (a) known to some other “arm of the state,” United States v. Perdomo, 929 F.2d 967, 971 (3d Cir.1991), or (b) “known to ... others acting on the government’s behalf in the case.... ” United States v. Reyeros, 537 F.3d 270, 281 (3d Cir.2008) (quoting Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quotation marks omitted)).
Strohl argues that, under Perdomo, the prosecution had “possession” of the hospital reports for Brady purposes, and was therefore obligated to produce them. In Perdomo, however, we explained that whether information is deemed to be constructively possessed by the prosecutor— thereby obligating the prosecutor to obtain it under Brady — turns not on “whether the information is easy or difficult to obtain” but rather on “whether the information is in the possession of some arm of the state.” 929 F.2d at 971 (emphasis added). In other words, if the information is in the possession of some arm of the state, there may indeed be an affirmative obligation on the prosecution to obtain such information and disclose it. See id. However, if the information is in the possession of a third-party unrelated to the state — as was true in this case, where the hospital reports were in the possession of Lehigh Valley Hospital Center — Perdomo imposes no such obligation. See id. Accordingly, even assuming that, as Strohl argues, the prosecution could “readily” have obtained the hospital reports, Brief of Petitioner, Strohl v. Grace, No. 07-2495 (3d Cir. Mar. 3, 2009) (“Br. of Petitioner”) at 26, that fact is immaterial to our analysis.
The state court denied Strohl’s Brady claim on the grounds that Strohl failed to claim: (1) that the prosecution had the hospital reports in its possession; and (2) that the prosecution nonetheless knowingly withheld them. PCRA Appeal Opinion at 5. Indeed, Strohl acknowledges that the prosecution did not possess the hospital reports describing Mrs. Wunderly’s treatment at Lehigh Valley Hospital Center. Br. of Petitioner at 14. We therefore need not address any other Brady claim made by Strohl. The state court’s decision was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. We also conclude that the state court’s finding was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, we affirm the District Court’s denial of Strohl’s petition for habeas relief on his Brady claim with respect to the hospital reports. See Weeks v. Angelone, 528 U.S. 225, 237, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000).
V.
Strohl alleges that his constitutional right to due process was violated as a result of the prosecution’s decision to delay charging him with the death of Mrs. Wunderly until 1999, some five years after Mrs. Wunderly died. The Pennsylvania Superi- or Court denied Strohl’s claim of a due process violation because Strohl did not meet “his burden of showing actual prejudice.” Commonwealth v. Strohl, No.2097 EDA 2001 (Sept. 11, 2002) (“Direct Appeal Opinion”) at 5 (emphasis added).
The state court adjudicated Strohl’s due process claim on the merits; accordingly, we again apply the two-step analysis dictated by AEDPA. Simmons, 581 F.3d at 164-65 . We begin by determining whether the law applied by the state court is contrary to the law as established by the Supreme Court. It is well-settled that the two-part test set forth in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and further explained *655 in United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), is used to analyze a claim that a due process violation resulted from a pre-indictment delay.
Under Manon and Lovasco, a defendant “can make out a claim under the Due Process Clause only if he can show both (1) that the delay between the crime and the federal indictment actually prejudiced his defense; and (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him.” United States v. Beckett, 208 F.3d 140, 150-51 (3d Cir.2000) (citing Marion, 404 U.S. at 325, 92 S.Ct. 455 and Lovasco, 431 U.S. at 789-90, 97 S.Ct. 2044); see also United States v. Ismaili, 828 F.2d 153, 167 (3d Cir.1987).[2] Strohl contends that he was subject to actual prejudice as a result of the lost hospital reports. In addressing that claim, the Pennsylvania Superior Court, quoting from Strohl’s brief filed with that court, noted, “Strohl ... claims that he suffered actual prejudice due to lost medical records that ‘could be important,’ ” and “argues that the lost records ‘may’ have resulted in a different medical opinion regarding the cause of the victim’s death.” Direct Appeal Opinion at 5 (first emphasis in original). The state court found that Strohl’s usage of words such as “could” and “may” in his own brief constituted a tacit acknowledgment that his “argument is based purely upon speculation.” Id. On that reasoning, the state court found Strohl’s due process claim to be “without merit.” Id.
The state court’s decision was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented. We therefore affirm the District Court’s denial of Strohl’s petition for habeas relief on his due process claim. See Weeks, 528 U.S. at 237, 120 S.Ct. 727.
VI.
The District Court correctly denied Strohl’s Brady and due process claims, and we will affirm its judgment on both.

. “In considering a § 2254 petition, we review the ‘last reasoned decision’ of the state courts on the petitioner's claims.” Simmons, 581 F.3d at 165 (quoting Bond v. Beard, 539 F.3d 256, 289-90 (3d Cir.2008)). Since the last reasoned decision by a state court on Strohl’s Brady claim was the Pennsylvania Superior Court’s memorandum opinion dated May 13, 2005, our review of the Brady issue is focused on that decision.

. Strohl argues that we should abandon the "improper motive” requirement and instead adopt the position of other circuits which, according to Strohl, have held that even a showing of mere negligence on the part of the prosecutor is sufficient to satisfy that element of the due process claim. We are of course bound by our circuit precedent, but nevertheless note that it is unlikely that Strohl’s claim would succeed even under the standard he proposes. In contrast to the scenario in Howell v. Barker, 904 F.2d 889, 895 (4th Cir.1990), prosecutors here did not delay merely because of their own convenience and certainly do not admit negligence. Nor was the delay a result of prosecutorial error, as was the case in United States v. Ross, 123 F.3d 1181, 1185 (9th Cir.1997). Rather, the delay in this case was due to an initial dearth of sufficient evidence against Strohl that was subsequently ameliorated by the grand jury's 1999 investigation. Even under the diluted standard proposed by Strohl, such a well-justified delay would not constitute prosecutorial negligence. United States v. Moran, 759 F.2d 777, 783 (9th Cir.1985); United States v. Swacker, 628 F.2d 1250, 1254 n. 5 (9th Cir.1980).